954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Giselle Silva AHLFELD, Plaintiff-Appellant,
v.
UNIVERSITY OF THE PACIFIC SCHOOL OF DENTISTRY, Walter B.
Hall, Arthur Dogoni, Stanley Siegel, Gerald
Degregori and Ronald Borer, Defendant-Appellee.
 No. 90-15462.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1991.*
Order withdrawing Memorandum Feb. 5, 1992.
 
 Before PREGERSON, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 ORDER
 
 1
 The Memorandum disposition filed May 9, 1991 is withdrawn.
 
 
 2
 MEMORANDUM**
 
 
 3
 Giselle Ahlfeld brought an action against the University of the Pacific (UOP) in California state court. The complaint stated three causes of action: employment discrimination, wrongful discharge in violation of public policy, and intentional infliction of emotional distress.
 
 
 4
 UOP removed the action to district court and Ahlfeld moved for remand. The district court remanded the employment discrimination claim, but dismissed the wrongful discharge and the emotional distress claims on the ground that these claims were preempted by the Labor Management Relations Act (LMRA).
 
 
 5
 We reverse the dismissals.
 
 DISCUSSION
 
 6
 Removal of a case from state to federal court is a question of federal subject matter jurisdiction which is reviewed de novo. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir.1988).
 
 
 7
 1. Wrongful Discharge in Violation of Public Policy
 
 
 8
 At issue here is whether a state public policy supports Ahlfeld's second cause of action. A wrongful discharge claim based on a genuine state public policy is not preempted under LMRA § 301. Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1002 (9th Cir.1987). To maintain such a claim under California law, the public policy must be "firmly established," "fundamental," and "substantial." Foley v. Interactive Data, Corp., 47 Cal.3d 654, 670, 254 Cal.Rptr. 211, 218 n. 11 (1988) (quoting Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 172, 176-77 (1980)). Furthermore, the discharge must affect "a duty that inures to the benefit of the public at large rather than to a particular employer or employee." Id. at 669.
 
 
 9
 A termination predicated on punishing a safety-related complaint violates California public policy, which protects employees who voice safety concerns. Ahlfeld contends UOP fired her for making safety complaints to the Occupational Safety & Health Administration. In the remand hearing, however, the district court concluded that Ahlfeld failed to meet the Foley requirements for termination in violation of public policy.
 
 
 10
 We find the district court erred in interpreting the "public at large" requirement of Foley. Apparently, the district court reasoned that no public policy or interest was involved here because the precariously placed cabinet about which Ahlfeld complained could have injured only Ahlfeld, and thus presented no danger to the general public. However, California public policy "protect[s] the right of employees to voice their dissatisfaction with working conditions" in order to "provide a safe and healthy environment for all employees." Hentzel v. Singer, Co., 138 Cal.App.3d 290, 297, 298, 188 Cal.Rptr. 159, 162, 164 (1982) (emphasis added). This policy applies to employees who protest "working conditions ... that constitute a hazard to their own health or safety, or the health or safety of others." Id., 138 Cal.App.3d at 298, 188 Cal.Rptr. at 164. Thus, we find that Ahlfeld's wrongful discharge claim implicates a genuine California public policy and is not preempted by section 301.
 
 
 11
 2. Intentional Infliction of Emotional Distress
 
 
 12
 In light of our recent decision in Galvez v. Kuhn, No. 89-16562, slip op. at 6431 (9th Cir. May 21, 1991), we hold that Ahlfeld's intentional infliction of emotional distress claim is not preempted by LMRA § 301. In Galvez, we held that the LMRA did not preempt the appellant's intentional infliction of emotional distress claim. We found that although the appellant's claim appeared to be preempted at first glance, closer scrutiny proved otherwise. Id. at 6443-44. In particular, we emphasized that the LMRA did not preempt the appellant's claim because the collective bargaining agreement (CBA) did not contemplate the employer's alleged behavior. Id. at 6444. Underlying our holding in Galvez was our determination that the essence of the appellant's claim centered on state law, not the CBA: "The nub of the matter is this: On the face of a complaint such as appellant's, we are dealing with purported acts ... that, if true, are the state's province, not the CBA's." Id. at 6446.
 
 
 13
 The present case is analogous to Galvez. At first blush, appellant's intentional infliction of emotional distress claim, like Galvez's, appears to be preempted: two of her eleven allegations, wrongful denial of a promotion and wrongful transference to a new department, appear to require interpretation of the CBA. The essence of appellant's claim, however, focuses on her allegation that UOP denied her access to the faculty lounge. As in Galvez, this alleged behavior is not contemplated by the CBA. Although the management rights section of the CBA contains language pertaining to employee services, it fails to achieve the level of specificity that this circuit requires in LMRA preemption cases. See Tellez v. Pacific Gas and Electric Co., 817 F.2d 536, 539 (9th Cir.1987). Because appellant's claim focuses on state law, and not the CBA, it is not preempted by the LMRA.
 
 CONCLUSION
 
 14
 Ahlfeld's wrongful discharge claim states a genuine state law claim and is therefore not preempted by section 301. Ahlfeld's emotional distress claim is not preempted by section 301 because it focuses on actions not contemplated by the bargaining agreement. The district court's dismissal of these two claims is reversed, and the case is remanded to the district court for further proceedings.
 
 
 15
 REVERSED.
 
 NOONAN, Circuit Judge, dissenting:
 
 16
 I am unpersuaded that Ahlfeld's complaint about the precariously placed cabinet was a serious attempt to protest hazardous working conditions. I respectfully dissent.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3